Charles J. Beckinella, J.
Motion granted on the authority of Matter of MVAIG (Lucash) (16 A D 2d 975).
There is a conflict of authority between the First and Second Departments of the Appellate Division on the question of whether a stay of arbitration should be granted in a case where a person who has invoked arbitration has not complied with certain conditions stated in the ‘ ‘ Accident Indemnification Endorsement”. (No. 3 of “Conditions” is entitled “Notice and Proof of Claim ’ ’ and requires a claimant to give details of his claim, and to submit to physical examinations.)
In Matter of MVAIG (McCabe) (19 A D 2d 349 [1st Dept.]), it was held that a claimant’s failure to submit to an examination did not warrant a stay. In Matter of MVAIG (Lucash) (supra, [2d Dept.]) arbitration was stayed “ To enable the respondent to comply with his obligation under the indorsement to submit to examination ” (16 A D 2d 975, 976). This court is obliged to follow the Second Department decision.
The court has considered petitioner’s attorney’s contention that MVAIG had to move for a stay within 10 days after service of the demand for arbitration. The statute (CPLR 7503, subd. [c]) and the cases, say that the notice of intention to arbitrate must contain a statement that the party served has 10 days to stay arbitration or be precluded from raising the objections that could warrant a stay. (See Matter of Porteck (MVAIG), 19 A D 2d 802.)